IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02700-WYD-KMT

COMMUNITY BANKS OF COLORADO, INC., a division of Bank Midwest, N.A.,

     Plaintiff,

v.

1320 SNOWBUNNY LANE, LLC, an Illinois Limited Liability Company,
JOSEPH ASH, an Illinois resident, and
BARRY ASH, an Illinois resident,

     Defendants.

---

## ORDER TO TRANSFER

---

I.    <u>INTRODUCTION</u>

This matter is before the Court on Defendants' Motion to Transfer Venue

Pursuant to 28 U.S.C. § 1404(a), filed November 17, 2011 [ECF No. 11].

On September 9, 2011, Plaintiff Community Banks of Colorado, Inc. initiated this

action against Defendants 1320 Snowbunny Lane, LLC ("Snowbunny Lane"), an Illinois

limited liability company, and Joseph Ash and Barry Ash, both residents of Illinois.

Plaintiff seeks recovery of amounts owed pursuant to a Promissory Note, Loan

Agreement and two Commercial Guaranties.   The case was initially filed in state district

court in Denver, Colorado, and was removed to this Court on October 17, 2011,

pursuant to 28 U.S.C. § 1332(a).  On February 14, 2012, Community Banks of

Colorado, a division of Bank Midwest, N.A. was substituted as Plaintiff in this action

pursuant to Fed. R. Civ. P. 25(c).[1]  The substituted Plaintiff is headquartered in Kansas City, Missouri.

Having carefully considered the Motion, Response, and Reply, and all legal authorities, I grant Defendants' Motion to Transfer for the reasons stated below.

II.    ANALYSIS

A.    Legal Standard

In the motion, Defendants request that I transfer this action to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) and in the interests of justice.  Section 1404(a) provides "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Congress enacted the statute "as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system."  *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)).  Although Congress drafted section 1404(a) in accordance with the doctrine of forum non conveniens, "the statute was intended to revise rather than merely codify the common law."  *Id.*  District courts therefore enjoy greater discretion to transfer a case pursuant to section 1404(a) than to dismiss the action based upon the forum non conveniens doctrine.  *Id.*  The moving party bears the burden of demonstrating that the existing forum is inconvenient.  *Id.*

---

[1]Community Banks of Colorado, Inc., was taken over by the FDIC, and its assets, including the Promissory Note and Guaranties at issue in this case, were transferred to Bank Midwest, N.A.

The decision whether to transfer an action lies within the sound discretion of the trial judge. *See Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978). In exercising that discretion, the Court must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler*, 928 F.2d at 1516 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Among the factors a district court should consider are: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment; (5) the relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other practical considerations that make a trial easy, expeditious and economical. *Id.* (citation omitted).

    B.    Whether Transfer is Appropriate

        1.    Plaintiff's Choice of Forum

As an initial matter, I note that although a plaintiff's choice of forum is generally afforded substantial deference, it is entitled to less deference in this case because the substituted Plaintiff is headquartered in Kansas City, Missouri. *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010)*; Spires v. Hosp. Corp. of Am.,* No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (holding that when the plaintiff does not reside in the chosen forum, the rationale for allowing the

plaintiff to dictate the forum evaporates); *see also* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3848 (3d ed. 2007) (observing that many courts give substantially less, if any, deference to the plaintiff's choice of forum when the plaintiff resides elsewhere). This is because "the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).

Plaintiff notes that it continues to operate a branch office in Colorado, and that personnel and records which were located in Colorado prior to the FDIC takeover remain in Colorado. While I agree that Colorado has some connection to this lawsuit in that the purpose of the Loan Agreement was acquisition and construction financing for real property located in Colorado, I find that it is not appropriate to give substantial deference to Plaintiff's choice of forum in this case and, as discussed below, the balance of factors to be considered weigh in favor of transfer.

2.    Accessibility of Witnesses and Sources of Proof

Turning to the accessibility of witnesses and other sources of proof, I note that "[t]he convenience of witnesses is the most important factor in deciding a motion under section 1404(a)." *Employers Mut. Cas. Co.*, 618 F.3d at 1169 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)). "To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of the[ir] testimony; and (3) show[ ] that any such witnesses were unwilling to come to trial ... [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary."

*Employers Mut. Cas. Co.*, 618 F.3d at 1169 (internal quotation marks omitted).

Here, Defendants note that each of them resides in Illinois and that witnesses Andrea Stern Ash and Toby Stern, who have knowledge concerning the financing transaction at issue, both reside in the Illinois. Defendants contend that Andrea Stern Ash and Toby Stern are important witnesses who "have significant information concerning the reliance on the oral and written promises of [Plaintiff] and their willingness to pledge real property as collateral for the loan to Snowbunny Lane" and will corroborate testimony from Defendant Barry Ash. Finally, Defendants note it would be extremely difficult for Defendant Joseph Ash, who is 84 years-old and suffering from kidney failure, to travel to and remain in Colorado for any length of time" because he requires dialysis treatments three days a week.

In response, Plaintiff asserts that Defendants failed to show an unwillingness of the part of Andrea Stern Ash and Toby Stern to attend trial in Colorado. However, in connection with their reply, Defendants have submitted Declarations of Andrea Stearn Ash and Toby Stearn in which they "confirm that they are not willing to come to Colorado for trial without compulsory process and that they do have material information concerning the transaction at issue."

Defendants also note that the Loan Agreement "requires that the books and records regarding the [Promissory Note] be kept and maintained in Illinois." Plaintiff responds that its records, which contain the original copy of all documents executed in regard to the Loan Agreement, remain in Colorado. I agree with Plaintiff that the physical location of certain records does not necessarily implicate convenience in this

day and age because it is relatively easy to transmit copies of documents across state lines. Thus, the location of the parties' files are of minimal significance.

However, on balance I find that the accessibility of witnesses and sources of proof weighs in favor of transfer because Defendants have identified important witnesses who are unwilling to come to trial in Colorado, and because of the difficulties associated with Defendant Ash traveling to Colorado given his current medical condition.

### 3. The Cost of Making Necessary Proof

I also find that the cost of making necessary proof weighs in favor transfer. As to this factor, Defendants note the increase costs associated with Defendant Joseph Ash's medical care and dialysis treatments should he be required to travel to Colorado. Plaintiff states that it would travel to Illinois to depose Defendant Ash, and asserts that this action is likely to be resolved on a motion for summary judgment, obviating the need for Defendant Ash to travel. However, at this stage of the proceedings, I cannot speculate as to how this case will ultimately be decided. In addition, I agree that Defendant Ash is entitled to an opportunity to participate in the defense of the case against him, and that such participation extends beyond providing deposition testimony. I find that requiring Defendant Ash to defend this action in Colorado and requiring him to arrange and pay for alternative dialysis and medical care at the times he needs to be physically present in Colorado would be an inconvenient and costly burden.

### 4. Conflict of Laws and Local Rules

Defendants acknowledge that, generally speaking, the court presiding over a

diversity case that is located in the forum where the substantive law is to be applied is favored. *Employers Mut.*, 618 F.3d at 1169. However, this factor receives less weight when the case involves relatively simple legal issues. *Id.* (Quotation omitted). Here, the loan documents at issue state that they were "accepted by Lender in the State of Colorado," and contain a choice of law provision fixing Colorado as the governing law. However, in this breach of contract case, I find that the legal issues are straightforward and that this factor is essentially neutral. I find that a federal judge sitting in Illinois is certainly qualified to decide the relevant Colorado state-law issues.

        5.    Remaining Factors

As to the remaining factors governing transfer, including factors concerning the difficulties that may arise from congested dockets, I find that they are essentially neutral and do not favor either jurisdiction.

III.   <u>CONCLUSION</u>

Weighing all the factors discussed above, including the fact that Plaintiff's choice of forum is entitled to less deference, the fact that Defendants and other significant witnesses are located in Illinois, and facts concerning Defendant Ash's medical condition and treatment needs, I conclude that the balance of equities tips in favor of a transfer of this case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). I find that Defendants have met their burden of establishing that transfer would be appropriate for the convenience of parties and witnesses and in the interest of justice.

Therefore, it is hereby

ORDERED that Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. §

1404(a), filed November 17, 2011 [ECF No. 11] is **GRANTED.**  In accordance therewith, it is

FURTHER ORDERED that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Northern District of Illinois.

Dated:  April 23, 2012.

BY THE COURT:


s/ Wiley Y. Daniel_____
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE